SULLIVAN v. SUSONG.

1. CASE CRITICISED.—The extent of the decision of this court in the case of Sullivan *v.* Susong, 30 S. C., 305, stated.
2. AGREED MODE OF ASCERTAINMENT OF FACTS—SUBSTITUTED MODE.— Where certain grading work has been done at fixed prices, and, by agreement, the amount of the work is to be ascertained by remeasurement by engineers, and such mode of ascertainment becomes impossible without fault by either party, the court may, by other competent testimony, ascertain the amount of work that was done, and base a decree thereon.
3. FINDINGS OF FACT concurred in by referee and Circuit Judge affirmed, such findings not being without support in the testimony, or manifestly against the weight of the evidence.
   Mr. JUSTICE McGOWAN, *dissenting.*

Before FRASER, J., Aiken, June, 1890.

This is the second appeal in this case, the first being reported in 30 S. C., at page 305, where the facts are stated. This appeal was argued on January 22, 1891, before the two Associate Justices, then constituting the Supreme Court, and being ordered for reargument was heard by the full court on January 11, 1892. The last report of the referee was as follows:

This is the second time that this action has been before me as special referee. I will not recite the issues made and raised in the pleadings, the order of reference, the evidence taken, report of special referee, exceptions thereto, decree of Circuit Judge, and the judgment of the Supreme Court, upon appeal therefrom. I will simply refer to the record of the case, to be found in the judgment roll, also to the "Case," as prepared for the Supreme

Court, and the judgment of said court as reported in 30 S. C. Reports. pp. 305 to 326.

The Circuit Judge held (see 30 S. C. Rep., 318): "The order of reference (meaning the first) did not authorise the referee to appoint engineers to make the remeasurement, which was stipulated for in defendant's contract with the railway company, and for valuable consideration. * * * It is the imperative duty of this court to supply that defect and to order the new measurement, which both contracts call for." The order recommitting the case to the referee is fully recited on page 319, and contains the following sentence: "The testimony heretofore taken herein shall be considered as still in the case in any further consideration thereof." The Supreme Court held (page 323) that under the agreement of January, 1887, "plaintiff bound himself to await the payment of the balance due him until the work shall be measured and computed according to the specifications of the contracts with the railroad company by two civil engineers, to be selected in the manner therein stipulated; that the plaintiff could not maintain an action against defendants for the value of the work done by him for the railway company until such work was remeasured, * * * unless it was shown that the performance of the condition precedent had become impossible, * * * in which case, doubtless, the plaintiff would be remitted to his original rights, whatever they might be."

As a matter of fact, I hold that a remeasurement of the work is impossible. As a matter of law, I hold that the plaintiff is entitled to the value of the work done for the railway company, the amount of the work to be ascertained from the evidence, and the value computed according to the stipulations of the contract under which the work was performed. The other issues, it seems to me, have been disposed of and ended.

Messrs. George W. Earle and W. R. Powell, civil engineers, gentlemen of skill and learning in their profession and of high character, were appointed to remeasure the work. Their report, after going over the work, speaks for itself. It shows the condition of the work and the impossibility of remeasuring it. The report concludes: "To go over and cross-section the work on these contracts in order to get new data from which to make

new calculations would take some time, and would involve running the level over the whole work, and chaining and staking it in order to get the side cuttings and fillings, from which calculations are to be made. It is doubtful if this could be completed by the 10th of September next, the time fixed by the referee for hearing the report; besides which, after having been done, only parts of the work could be correctly measured and calculated, while other portions could only be approximated, and still other portions only guessed at." These gentlemen came before the referee as witnesses, after making their reports, and their testimony shows that the remeasurement cannot be fairly made.

The testimony of the witnesses taken at the prior hearing, and now before the referee, shows to my mind conclusively that a remeasurement is an impossibility. The railway bed is in many places used as a highway, been worked upon as such, cuts filled in, and banks worn down. In other places the railway bed has been planted in cotton or corn, plowed over, and worked as though it were a field. This necessarily fills up shallow cuts and pulls down low embankments. The rain and natural causes have destroyed and obliterated much of the work, washing down embankments, filling up cuts, ditches, drains, &c. The classes of work cannot be separately measured, because, for example, in removing rock, there is no way by which the height of rocks removed from the bed can be measured.

Suppose engineers should go over the line of the road, "cross section" it, "get new data" from which "to make calculations," run "the level," "chaining and staking" the work, "in order to get the side cuttings and fillings from which calculations are to be made," the result would be "only parts of the work could be correctly measured and calculated, while other portions could only be approximated, and still other portions guessed at." The law does not deal in "guess work," especially when, as in this case, there is abundant evidence coming from intelligent witnesses, based upon their personal knowledge, acquired when the work was being done, and just after it was completed, proving the quality, character, and value of that work. The quality and character of the work done by plaintiff are the real questions; because, under the contract between plaintiff and defendants,

19—36

the defendants were to pay the amounts agreed upon between plaintiff and the railway company, according to the nature of the work done.

Having found that it is "impossible" to remeasure the work, plaintiff, in the language of the Supreme Court, is "remitted to his original rights, whatever they might be" (30 S. C., 323.) It cannot be said that this condition of affairs is the fault of either party. Mr. Cox's sickness was providential, and the obliteration and destruction of the work, caused by natural causes, and the interference of third parties living along the line of railway, cannot be charged as the fault or default of either party. The parties to this action must, and of right should, be considered as honestly endeavoring to reach a just, fair, and legal adjustment of their differences. "The original rights" of plaintiff were to be paid for the work he actually did under his contract with the railroad company, and according to the scale of prices therein stipulated. My previous report discusses and disposes of these questions, and I hereby adopt that report as a part and parcel of this report.

Wherefore, it is ordered, adjudged, and decreed, that the plaintiff have judgment in his favor, and against the defendants, for the sum of thirteen hundred and twenty-six 31-100 dollars ($1,326.31), and the further sum of nine thousand one hundred and ninety-one 95-100 dollars ($9,191.95), making in the aggregate ten thousand five hundred and eighteen 26-100 dollars ($10,518.26), and interest thereon from the date of the judgment herein. When said judgment is paid, plaintiff shall deliver and turn over to the defendants herein all of the uncollected notes now held by him as collateral security; that plaintiff also have judgment against the defendants for his costs and disbursements, to be taxed by the clerk of this court. The costs or disbursements incurred in attempting to make a remeasurement under the order of the court must be paid by the parties hereto equally, that is to say, half by the plaintiff and half by the defendants. This is in accordance with their agreement.

EXCEPTIONS TO REPORT OF SPECIAL REFEREE.—1. Because the referee erred in finding as matter of fact that a remeasurement of the work is impossible. 2. Because he

erred in finding as a matter of law that the value of the work done was to be computed according to the stipulations of the contract under which the work was performed, to wit, the original contract between plaintiff and the railway company. 3. Because he erred in holding that the plaintiff was remitted to his original contract between plaintiff and railroad company. 4. Because he erred in decreeing judgment against the defendant in the sum of $10,518, with interest and costs. 5. Because he erred in not holding and decreeing that the plaintiff should first refund to the defendants the cash payment made him by them before he could be remitted to his rights under his original contract with the railroad company. 6. Because he erred in not holding as a matter of fact that the engineers, Earle and Powell, had not resurveyed and remeasured the work as ordered, but had reported that it was doubtful if remeasurement and survey could be completed by 10th September, 1889. 7. Because he erred in not holding that the said engineers had not attempted to remeasure the whole work, but only a part. 8. Because he erred in not holding that the said engineers, or others to be selected in their stead, should proceed to remeasure and resurvey the whole work on said railroad and make report to him, said referee, before he could consider and decide the case.

The Circuit decree was as follows :

This case was heard by me at the term of the court held in June, 1890, on the report of the referee and exceptions thereto on the part of the defendants. After a careful consideration of the report of referee and the testimony taken in the case and the exceptions of the defendant, I concur with the referee in his findings of fact and law. The difficulty in the way of making any new measurements and valuation of the work done by the plaintiff, is not that which grows out of the imperfection of all human methods, but, as I understand the testimony, the absolute absence in many portions of the work of the data upon which measurements and calculations can be made. I think the referee and the court are shut up to the testimony on these subjects heretofore taken in this case, and it will be a denial of justice if the court should refuse to act upon it.

It is, therefore, ordered and adjudged, that the exceptions be overruled and the report of the referee be in all respects confirmed and made the judgment of this court. It is further ordered, that plaintiff have leave to apply for such further order as may be proper to carry out this judgment.

The grounds of appeal were a restatement of the exceptions to the referee's report.

*Mr. W. C. Benet,* for appellant.

*Messrs. Henderson Bros.,* contra.

April 25, 1892.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    This being the second appeal in this case, it is unnecessary to make any statement of the nature of the case or of the facts, as they may be found fully set forth in the report of the former decision in 30 S. C., 305.

In accordance with the former judgment of this court, the case was recommitted to the special master, who, as directed by the former decision, required the parties each to select a competent engineer to remeasure, if practicable, the work done by the plaintiff in grading the railroad. These engineers proceeded to examine the work, made their report to the special master, upon which they were examined as witnesses, and the special master, upon that testimony, all of which is set out in the "Case," together with the testimony previously taken in the case, which was authorized to be used on the present hearing, reached the conclusion that it was now impossible to remeasure the work, and therefore the plaintiff was remitted to his original rights, which he held were to be paid for the work which he actually did under his contract with the railroad company according to the scale of prices therein stipulated, and having determined the value of the work thus done, he ascertained the balance due to the plaintiff to be the sum of ten thousand five hundred and eighteen 26-100 dollars, and he therefore made his report, embodying the views thus briefly stated, and recommended that the plaintiff have judgment against the defendants for the said balance, together with costs and disbursements, except the cost of the attempted

remeasurement, which, by their agreement, is to be divided equally between the plaintiff and the defendants ; making provision also that when the judgment is paid the plaintiff shall turn over to the defendants all of the uncollected notes held by him as collateral security.

To this report the defendants filed numerous exceptions, which are set out in the "Case," and the case came before his honor, Judge Fraser, for a hearing upon the report and the exceptions, who rendered judgment confirming the report in all respects, and from this judgment defendants appeal upon the several grounds set out in the record, which are substantially the same as the exceptions to the report of the special master. Under the view which we take of the case we do not deem it necessary to state these grounds specifically, though they, together with the report of the special master and the decree of the Circuit Judge, should be incorporated in the report of the case.

According to our view, every question which was or could have been made in the case was concluded by the decree of Judge Pressley, affirmed by this court, except two, and they were questions of fact merely. There can be no doubt that the plaintiff did certain work for which the defendants had, by their contract, agreed to pay, at the rates fixed by the contract between the plaintiff and the railroad company ; and the only question between the parties was as to the *amount* of such work, which it was agreed should be ascertained by a remeasurement by competent engineers, selected by the parties respectively. But when the mode of ascertaining the amount of the work agreed upon by the parties became impossible through no fault of either of them, as had been found to be the fact, then, as the Circuit Judge very properly says, it would amount to a denial of justice to hold that the amount of the work should not be ascertained in some other way. It seems to us, therefore, that the only questions remaining in the case are: 1st, whether a remeasurement was impossible; and if so, 2d, whether the testimony before the special master was sufficient to sustain his conclusion as to the amount of the work done by the plaintiff. Both of these questions being questions of fact, under the well settled rule we

would be bound to sustain the concurrent finding of the special master and the Circuit Judge, unless their conclusions are without any testimony to sustain them, or are manifestly against the weight of the evidence.

It certainly cannot be said that there is no testimony to support the conclusions of the special master and Circuit Judge as to either of these questions; and the only inquiry, therefore, is whether they are manifestly against the weight of the evidence. In view of the lapse of time, and the undisputed testimony as to the condition of the roadbed—washed, ditches and cuts filled in, ploughed over, miles of it in crops, used and worked upon in portions as a public highway—we are quite prepared to agree with the special master that a remeasurement was practically impossible, and that if attempted it would amount largely, as one of the witnesses said, to "pure guess work." The fact that the engineers last appointed to make the remeasurement speak of the difficulty of doing the work assigned them within the time limited amounts to nothing, in view of the further fact that before the expiration of the time allowed they had made a sufficient examination of the work to satisfy them that a remeasurement, with anything approaching to accuracy, was impracticable, and if attempted would amount largely to guess work.

If there was no error in finding that a remeasurement was impossible, the only remaining inquiry is whether there was any testimony to sustain the conclusion reached by the special master as to the amount of the work done. The most casual examination of the testimony set out in the "Case" will show that there was such testimony, and we cannot say that the conclusion reached was manifestly against the weight of the evidence.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

Mr. Justice Pope concurred.

Mr. Justice McGowan dissented; reasons to be stated hereafter.